UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BROOKLIV LLC,

                Plaintiff,                              **MEMORANDUM AND ORDER**

        v.                                      21-CV-7178 (RPK) (RER)

DAVID MEEHAN,

                Defendant.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Plaintiff Brookliv LLC brings this action against defendant David Meehan.  *See* Compl. (Dkt. #1).  Despite filing its complaint on December 30, 2021, and receiving two warnings from the Court, *see* Apr. 25, 2022 Order; May 2, 2022 Order to Show Cause, plaintiff still has not properly served defendant.  For the reasons stated below, the Court declines to further extend the time for plaintiff to effect proper service and dismisses this case without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

**DISCUSSION**

      Because plaintiff has not properly served defendant and an extension of time to effect service is not warranted, this case is dismissed without prejudice.

**I.      Plaintiff Has Not Properly Served Defendant**

      Plaintiff does not appear to have attempted service on defendant.  Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  More than four months have passed since plaintiff filed the complaint, and despite the Court's notice that absent a showing of good cause for lack of service, "the case shall be dismissed under Rule 4(m),"

1

May 2, 2022 Order to Show Cause, plaintiff has not responded to the Court's Orders or filed proof

of service.  Plaintiff's silence, the absence of proof of service on the docket, and defendant's non-

appearance in this action all indicate that plaintiff has not served defendant.  *See Rivera v.*

*Discovery Wines LLC*, No. 19-CV-1418 (RA), 2019 WL 3338140, at *1 (S.D.N.Y. July 24, 2019)

(dismissing under Rule 4(m) where plaintiff did not file proof of service and did not respond to

warning from court).

     For those reasons, I conclude that plaintiff has not properly served defendant.

### A.      An extension of time to serve defendant is not warranted.

     I decline to extend plaintiff's time to serve defendant.

### 1.  Good Cause

     Under Rule 4(m), if a plaintiff shows "good cause for [a] failure" to serve defendant, then

"the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).  "Good

cause is generally found only in exceptional circumstances where the plaintiff's failure to serve

process in a timely manner was the result of circumstances beyond [plaintiff's] control." *Jordan*

*v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 597 (E.D.N.Y. 2013) (quotations omitted).  In

determining whether good cause exists, a court considers "(1) the diligence and reasonableness of

the plaintiff's efforts to serve, and (2) prejudice to the defendant[] from the delay." *Tolchin v.*

*Cnty. of Nassau*, 322 F. Supp. 3d 307, 311 (E.D.N.Y. 2018), *aff'd,* 768 F. App'x 60 (2d Cir. 2019).

     Plaintiff has not shown good cause for its delay here.  Plaintiff has been on notice of the

deficiency in its service of process since April 25, 2022, when the Court warned plaintiff that

defendant did not appear to have been served.  *See* Apr. 25, 2022 Order.  On that date, the Court

directed plaintiff to file proof of service.  When plaintiff ignored that order, the Court ordered

plaintiff to show good cause for its failure to serve defendant, but plaintiff never responded.  *See*

May 2, 2022 Order to Show Cause.  The Court also notified plaintiff that in the absence of good

cause, the Court would likely dismiss the action pursuant to Rule 4(m).  *See Nagy v. Dwyer*, 507 F.3d 161, 164 (2d Cir. 2007) (noting that Rule 4(m) requires notice to plaintiff before *sua sponte* dismissal of an action for failure to timely serve defendants).  But plaintiff still has not properly served defendant or offered any reason why it has not done so.  Accordingly, plaintiff has not established good cause for its failure to properly serve defendant.

## 2.   Discretionary Exception

"[A] district court *may* grant an extension in the absence of good cause, but it is not required to do so."  *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007) (emphasis in original); *see Counter Terrorist Grp. U.S. v. N.Y. Mag.*, 374 F. App'x 233, 234-35 (2d Cir. 2010) (summary order).  To benefit from a discretionary extension, "the plaintiff must ordinarily advance some colorable excuse for neglect."  *Zapata*, 502 F.3d at 198.  At that point, "courts in this Circuit generally consider four factors: (1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendant[] had actual notice of the claims asserted in the complaint; (3) whether defendant[] attempted to conceal the defect in service; and (4) whether defendant[] would be prejudiced by extending plaintiff's time for service."  *Vaher v. Town of Orangetown*, 916 F. Supp. 2d 404, 420 (S.D.N.Y. 2013) (quotations omitted).

Here, I decline to exercise my discretion to grant an extension without good cause.  Plaintiff has not offered a colorable excuse or any excuse for its neglect.  Indeed, plaintiff never effected proper service on defendant, never asked for an extension, and has not even appeared for four months, despite the Court's orders.  Moreover, plaintiff has not argued or provided evidence that the *Vaher* factors are satisfied.  Considering the factors commonly weighed in deciding whether to grant a discretionary extension, I decline to extend plaintiff's time to serve.

**CONCLUSION**

The complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure

4(m).

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: May 11, 2022
       Brooklyn, New York

4